UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ROBERT J. DUNSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:09-56-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN MOTLEY, Warden. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon several motions: Respondent's Motion to Dismiss [Record No. 6], Petitioner's two Motions to Amend his Response to Respondent's Motion to Dismiss [Record Nos. 8 and 9], and Petitioner's Motion to Expedite his 28 U.S.C. § 2254 Writ of Habeas Corpus Petition [Record No. 10]. The Court being sufficiently advised, these Motions are ripe for consideration.

**I.   Petitioner's Motions to Expedite and Amend Response**

As an initial matter, the Court will grant Petitioner's Motion to Expedite and, as a result, will withdraw the reference of this matter to the Magistrate Judge. Further, the Court shall grant Petitioner's Motions to Amend his Response to Respondent's Motion to Dismiss [Record Nos. 8 and 9].

**II.   Respondent's Motion to Dismiss**

Turning next to the arguments raised in Respondent's Motion to Dismiss [Record No. 6] and the argument contained in Petitioner's Response, as amended, the Court has carefully considered the matter, shall grant Respondent's Motion, and shall dismiss Petitioner's Petition for a Writ of Habeas Corpus for the reasons which follow.

**A. Background**

Petitioner Dunson was charged with committing rape in the first degree, which offense occurred in the summer of 1997. Petitioner then entered a guilty plea and was sentenced on February 13, 2002. After his arrival in prison, Dunson's sentence was calculated and he received thirty (30) months of statutory good time credit. That credit was has not been applied to reduce the period of Petitioner's incarceration on the basis that he will not be eligible for the application of good time credit to his sentence or to appear before the parole board until he completes the Sex Offender Treatment Program ("SOTP") under a provision of KRS § 197.045, which became effective on July 15, 1998.

In his Petition, Petitioner alleges that his constitutional rights under Article I, Section 10, of the United States Constitution, prohibiting ex post facto laws, and the Fourteenth Amendment, requiring due process of law, were violated because Respondent applied KRS § 197.045(4) to his sentence for a crime which was committed prior to the effective date of the relevant

statute and declined to apply his good time credit to his sentence without a hearing. He asks that the "Department of Corrections be ordered to restore the Petitioner's statutory good time and that upon such restoration that the Petitioner be immediately released." [Record No. 1 at 16.] He has previously raised these issues in the Franklin County Circuit Court, but he did not pursue an appeal as a matter of right in the Kentucky Court of Appeals.

**B.   Exhaustion Not Required**

To establish entitlement to habeas corpus relief from this Court, Petitioner must demonstrate that the issues he presents were adjudicated on the merits in state court and this adjudication brought about a decision that was "contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

Prior to seeking habeas relief before this Court, however, a state prisoner is required to exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). Exhaustion of state remedies requires that petitioners "'fairly presen[t]' federal claims to the state courts in order to give the

State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

Exhaustion is only accomplished after each level of state court, through the highest court in the state, has had the opportunity to review the issues raised by the Petitioner. *Silverburg*, 993 F.2d at 126; *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Even if the review mechanism is discretionary, the claim must be presented to the state's highest court before it can be presented for habeas corpus review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999). Even a claim of clear violation of the Constitution cannot excuse a petitioner's failure to exhaust state remedies. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

In this instance, Petitioner presented the arguments now raised in his petition before the state Circuit Court. Petitioner argues, however, that his petition falls within the exceptions to the exhaustion requirement stated in 28 U.S.C. § 2254 (b)(1)(B)(I) and (ii): absence of available state corrective process or circumstances that render such process ineffective to protect the rights of the applicant. He explains that his appeal would have been futile as relief on the issues raised has been denied by the Kentucky Courts of Appeal in other cases and any appeal would have

-4-

been futile.[1] His argument is well taken, and the Court holds that futility on these grounds places this case within an exception to the exhaustion requirement. *See Lynce v. Mathis*, 519 U.S. 433, 436 n.4 (1997) ("exhaustion would have been futile" because Florida Supreme Court previously rejected claim in other cases and counsel for the state has "not suggested any reason why the Florida courts would have decided petitioner's case differently"). *See Martin v. Chandler*, 122 S.W.3d 540 (Ky. 2003); *Lozier v. Commonwealth*, 32 S.W.3d 511, 514 (Ky. Ct. App. 2000).

**C. Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a party's complaint or petition. The Court views the complaint or petition in the light most favorable to the plaintiff or petitioner and "must accept as true 'well-pleaded facts' set forth in the complaint" or petition. *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must

---

[1] Petitioner also argues that, while he raised the issues presented in his petition to the Circuit Court, had he sought relief before the Court of Appeals of the Commonwealth, he would have been forced to wait 12-18 months for that appeal to be decided. That time period would extend far beyond the period of incarceration which he argues he would serve had his sentence been calculated with the 30 months of "good time" that he believes is due, making that process ineffective to protect his rights. As the Court has decided that this matter falls within another exception to the exhaustion requirement, the Court need not make a decision with regard to this argument.

contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  If it appears beyond doubt that the petition does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007).

    **D.  Discussion**

To be entitled to relief for an alleged violation of the U.S. Constitution, the Petitioner must demonstrate that (1) he has been deprived of a right secured by the constitution or laws of the United States; and (2) that the Defendant deprived him of that right while acting under the color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)); *see also Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995).  The Petitioner alleges that applying KRS § 197.045(4) to his sentence violated his rights under the Ex Post Facto Clause of the United States Constitution. He alleges, as well, that Defendant violated his right to due process because no hearing was provided prior to Defendant's

determination not to apply Petitioner's "good time" credit in determining the duration of his sentence.

### 1. Petitioner Has Not Demonstrated a Violation of the Ex Post Facto Clause

The Ex Post Facto Clause prohibits any law which: (1) punishes an act which was innocent at the time it was committed; or (2) retroactively increases punishment for a crime after its commission. U.S. Constitution, Art. I, § 10; *Collins v. Youngblood,* 497 U.S. 37, 42 (1990). KRS § 197.045(4) does not violate the Ex Post Facto Clause because its application does not impose any additional punishment upon the Petitioner beyond that which was available by statute at the time he committed the crime for which he his now serving his sentence.

KRS § 197.045(4) provides that sex offenders must complete a SOTP in order to receive the benefit of good-time credits, which may be given, and to be eligible for parole or other early release. Thus, the application of KRS § 197.045(4) which was in effect at the time Petitioner's sentencing does not deprive him of any credits earned, notwithstanding the fact that he committed the crimes for which he was convicted before the statute took effect. This is so because even with the application of KRS § 197.045(4), a person convicted and sentenced to a state penal institution may receive credit on his or her sentence for good behavior or for other meritorious conduct. KRS § 197.045(1). KRS § 197.045(4) does deprive the Petitioner of the opportunity to earn good time

-7-

credit and to qualify for early parole. Rather, KRS § 197.045(4) merely defers the effective date of any good time credit which the Petitioner may earn in prison until he has successfully completed the requisite SOTP.

As such, this case is clearly distinguishable from that presented in *Weaver v. Graham*, in which Florida statutes provided for amounts of mandatory "gain time credits" to be deducted from the sentence of every prisoner with good conduct. See *Weaver v. Graham,* 450 U.S. 24, 26 (1981). Unlike those Florida statutes, Kentucky's good time statute makes and has made the provision of good time credit discretionary in relevant part at all relevant times, *see* KRS 197.045, and the Commonwealth has not, via statute, regulation, or any another enactment, ever pledged that these credits will be automatically applied to Petitioner's sentence. Thus, KRS § 197.045(4) does not increase the Petitioner's punishment beyond his initial sentence. *See Chambers v. Colorado Dep't of Corr.,* 205 F.3d 1237, 1241-42 (10th Cir. 2000) (requirement that offender participate in sexual offender treatment program was not an ex post facto violation, although offender lost earned credit for failing to participate in program); *Neal v. Shimoda,* 131 F.3d 818, 827 (9th Cir. 1997) (denying an inmate parole following his classification as a sex offender so that he can participate in a mandatory treatment program for conduct which occurred prior to program's beginning does not violate the Ex Post

Facto Clause). Thus, the Court concludes that, even though KRS § 197.045(4) has been applied retrospectively in the Petitioner's case, the statute's requirement of completion of an SOTP prior to eligibility for the application of discretionary good time credits towards a sentence is not an "increase in punishment" prohibited by the Ex Post Facto Clause. *See Martin v. Chandler*, 122 S.W.3d 540 (Ky. 2003) (same).

As the Court understands it, once Petitioner completes his SOTP, the accrued good time credit can then be credited toward the time remaining on his sentence. Consequently, there is no indication that the Petitioner has had the penalty for his crime increased by the application of KRS § 197.045(4), and KRS 197.045(4) may be constitutionally applied to the Petitioner. *See Lozier v. Commonwealth*, 32 S.W.3d 511, 514 (Ky. Ct. App. 2000) (KRS § 197.045(4) does not violate the Ex Post Facto Clause because it does not impose additional punishment or deprive inmates of previously earned sentence credits). Accepting all of the Petitioner's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief, and his Petition fails to state a claim with regard to the Ex Post Facto Clause.

### 2. Petitioner Has Not Demonstrated a Violation of Due Process

Inmates claiming federal due process violations must first demonstrate that they have been deprived of a protected liberty or

property interest through governmental action. *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). The Petitioner has incorrectly surmised that the Department of Correction has forfeited his good time, thus implicating a liberty interest. Rather, the Department of Corrections is properly following Kentucky's statutory procedure for the crediting of good time to a sex offender's sentence, which provides in relevant part as follows:

> Until successful completion of the sex offender treatment program, an eligible sexual offender may earn good time. However, the good time shall not be credited to the eligible sexual offender's sentence. Upon the successful completion of the sex offender treatment program, as determined by the program director, the offender shall be eligible for all good time earned but not otherwise forfeited under administrative regulations promulgated by the Department of Corrections.

KRS § 197.045(4).

Petitioner does not suggest that he has not earned an appropriate amount of good time credit under KRS § 197.045 or that he has been prevented from earning this credit. Rather, he complains that the good time has not been credited to his sentence, since he has not completed the SOTP, as provided for by the statute. Thus, the Petition fails to state any facts that, even if taken as true, could show that Respondent failed to provide the appropriate due process in this case, since none was due. Petitioner is unable to assert any deprivation of a protected liberty or property interest. Accordingly, his claim must fail,

and it shall be dismissed.

**III. Conclusion**

For all of the reasons stated above, the Court shall grant Petitioner's Motion to Expedite and Motions to Amend his Response to Respondent's Motion to Dismiss.  Having considered, Respondent's Motion to Dismiss, however, the Court concludes that the Petition for a Writ of Habeas Corpus is without merit.  Petitioner has failed to state a claim for a violation of his rights under Article I, Section 10, of the United States Constitution or the Fourteenth Amendment.  Respondent's motion shall be granted, and the Petition for a Writ of Habeas Corpus denied.

Accordingly, **IT IS ORDERED**:

(1)  that Petitioner's two Motions to Amend his Response to Respondent's Motion to Dismiss [Record Nos. 8 and 9] are **GRANTED;**

(2)  that Petitioner's Motion to Expedite his § 2254 Writ of Habeas Corpus Petition [Record No. 10] is **GRANTED;**

(3)  that the reference of this matter to the Magistrate Judge is **WITHDRAWN;**

(4)  that Respondent's Motion to Dismiss [Record No. 6] is **GRANTED;**

(5)  and that Petitioner's Petition for a Writ of Habeas Corpus [Record No. 1] is **DENIED.**

This the 28th day of September, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

-12-