```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON

ROBERT J. DUNSON,                )
                                 )
     Petitioner,                 )   Civil Action No. 5:09-56-JMH
                                 )
v.                               )
                                 )
JOHN MOTLEY, Warden.             )   MEMORANDUM OPINION AND ORDER
                                 )
     Respondent.                 )
                                 )
```

                    ** ** ** ** **

This matter is before the Court upon Petitioner's Motion to Expand the Record [Record No. 15], Motion for Leave to Amend Petition for Writ of Habeas Corpus [Record No. 16], and Motion for Further Findings and to Vacate the Court's Judgment [Record No. 17]. The Court being adequately advised, these motions are ripe for consideration.

In these three motions, Petitioner asks this Court to grant him relief on two fronts: (1) that the Court allow him to amend his Petition to include additional averments and argument concerning the conditions under which he accepted his plea agreement in 2002 and that the Court reconsider its September 28, 2009, Memorandum Opinion and Order and Judgment [Record Nos. 12 and 13] in light of those averments and (2) that the Court vacate its September 28, 2009, Judgment denying his Petition so that the Court

-1-

may consider that portion of his Petition in which he alleges that the constitutional guarantee of Equal Protection under the laws was violated by virtue of Respondent's application of KRS § 196.045(4) in the calculation of the duration of Petitioner's custody.  For the reasons which follow, Petitioner's requests for relief shall be granted in part and denied in part.

**I.   Motion to Amend Petition**

In support of his request to amend his Petition, Petitioner states that, "upon reading this Court's [September 28, 2009 Order and Judgment], [he] realized that he failed to adequately inform this Court concerning all the facts of this case necessary for a proper determination of the issues presented for review in this case." [Record No. 16 at 1.]  He asks that the Court allow him to now amend his Petition so that he may present to the Court evidence that he "specifically entered into a plea agreement with the state for the very reasons of parole consideration after serving 5 years of his sentence, and for the eligibility of Good Time credits." [Record No. 16 at 3.]

This Court need not grant leave to amend where, as in this matter, amendment would be "futile." *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Amendment of a complaint is futile when the proposed amendment would not permit the complaint or, here, the petition to survive a motion to dismiss.  *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v.*

*Advisory Council on Historic Pres.,* 632 F.2d 21, 23 (6th Cir. 1980)).

As the Court understands the proposed amendment, Petitioner would aver that he entered into his guilty plea in 2002 on the basis that his sentence would be subject to KRS § 439.3401(3), which was in place at the time he committed the crime in 1997. KRS § 439.3401(3) then provided that:

> A violent offender who has been convicted of a capital offense or Class A felony with a sentence of a term of years or Class B felony who is a violent offender shall not be released on parole until he has served at least fifty percent (50%) of the sentence imposed.

Petitioner alleges that he and the Commonwealth agreed in 2002 that his sentence would be subject to requirement that he serve at least 50% of his sentence prior to eligibility for parole rather than a minimum of 85% under the version of KRS § 439.3401(3) in effect at the time of his guilty plea and sentencing in 2002.[1]

Petitioner would have this Court find that an application of the relevant version of KRS § 439.3401(3), in effect in 1997, and KRS § 197.045(4), enacted in 1998 and in effect in 2002, are mutually exclusive, which the Court declines to do. A requirement that Petitioner serve at least 50% of his sentence prior to being

---

[1] He further avers that the judge stated specifically that, as to the sentencing recommendation, it was made "under the previous statute from '97." [Record No. 17 at 3.]

-3-

eligible for parole is in no way inconsistent with the requirement that he also complete a Sex Offender Treatment Program in order to receive the benefit of any good time credits that he has earned and to become eligible for parole or other early release. Petitioner does not aver that anyone promised him that he would be released after he served 50% of his sentence or that he entered his guilty plea upon the condition that he would not have to complete an SOTP prior to becoming eligible for application of good time credit. Rather, at the time he entered his guilty plea, he understood that he could first be eligible for parole only after serving 50% of his sentence. Viewing the averments that he wishes to include in an amended petition as true, the Court finds that such facts would not yield a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, the Court declines to allow the amendment as it would be futile. *Foman,* 371 U.S. at 182; *Miller*, 408 F.3d at 817.

**II. Motion to Alter or Amend Judgment**

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."[2]

---

[2]Petitioner has indicated that he seeks this relief under Fed. R. Civ. P. 59(a), which sets forth the grounds under which a new trial may be granted following a jury or nonjury trial. As no trial was had in this matter to date, the Court shall construe his motion as a motion to alter or amend a judgment under Fed. R. Civ.

*GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir. 1992)).

### A. Petitioner's Ex Post Facto and Due Process Claims

With regard to the Court's determination that neither the Ex Post Facto clause nor Due Process were violated upon the application of KRS § 196.045(4) in the calculation of the duration of Petitioner's custody, Petitioner has identified no clear error of law, intervening change in controlling law, or manifest injustice. Rather, Petitioner asks the Court to reconsider its earlier Order on the grounds that he wishes to offer evidence of the conditions under which he entered his guilty plea that he believes would support a different conclusion, evidence of which he

---

P. 59(e).

Such motions to alter or amend a judgment "must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In this instance, Petitioner's motion is untimely, as he filed his request for relief twelve (12) days after the September 28, 2009, entry of the judgment in this matter. Although the Court may deny Petitioner's on grounds of untimeliness alone, the Court also notes that he has failed to demonstrate any reason why his motion should be granted as to the Court's decision on his Ex Post Facto clause and Due Process claims, as set forth above.

-5-

has been aware since he entered his guilty plea on January 4, 2002. Petitioner has not identified newly discovered evidence which would necessitate a reconsideration. Accordingly, his motion to alter, amend, or vacate the Court's decision with regard to his claims of violations of the Ex Post Facto Clause and Due Process is not well taken and shall be denied.

**B.     Petitioner's Equal Protection Claim**

Petitioner correctly points out, however, that no decision has yet been reached by this Court as to his claim that constitutional guarantees of Equal Protection are being violated with regard to the application of KRS 197.045(4). Accordingly, in order to avoid a manifest injustice, the Court will vacate its September 28, 2009, Order of Judgment and consider this claim. As Respondent did not address this issue in his Motion to Dismiss, the Court now addresses Petitioner's claim of a violation of the constitutional guarantee of Equal Protection under the Fourteenth Amendment upon its own motion. For the reasons which follow, the Court finds that Petitioner's claim must fail.

Petitioner has averred that:

> The Department of Corrections, while disqualifying the Petitioner for [good time credit] has, in the meanwhile, continued to award [good time credit] to other men who are also classified as "[s]ex [o]ffenders" and who's [sic] crimes are also regulated by KRS 197.045(4).

[Record No. 1 at 29.]    He continues, stating that "other men

-6-

similarly situated are receiving the same [good time credit] which is being denied to him in spite of the fact that the other inmates have also committed sexually related crimes" and that "the law is being [a]pplied selectively to deny the Petitioner, a [b]lack [m]an, the [good time credit] which was rightfully his." [*Id.*] He concludes that he is being denied his good time credit "not because the statute applies to [him], but because he is a [b]lack [m]an whom the officials wish to see . . . serve more time." [*Id.* at 30.]

As an initial matter, the Court notes that Petitioner has not fairly presented his federal claims to the state courts in order to give the State the "opportunity to pass upon and correct [the] alleged violations of [his] federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's Equal Protection Claim was never raised before the Franklin Circuit Court. Thus, Petitioner has not exhausted the remedies available in the Court of Commonwealth with regard to this claim, nor can he demonstrate that there is an absence of available State corrective process or circumstances that exist that render the process ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). Simply stated, unlike his claims of violations of the Ex Post Facto clause

and Due Process violations, he has never presented this claim to any court of the Commonwealth for its consideration and the Court will not excuse that failure now.

Further, even if the Court were to consider his claim exhausted or to excuse the requirement of exhaustion in this instance, Plaintiff's Petition fails to aver such facts which, if taken as true, would yield a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. The Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County, Ohio,* 430 F.3d 783, 788 (6th Cir. 2005).

In this instance, Petitioner identifies himself as a "class of one," complaining that others similarly categorized as sex offenders have had good time credit applied to reduce the custodial portion of their sentences while he has not. With regard to these "others," Petitioner makes his complaint without reference to their race nor does he aver that these sex offenders have not completed an SOTP. As a result, he cannot successfully demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Petitioner has yet to complete the SOTP required by KRS

197.045(4), a prerequisite to the application of his good time credit to reduce the custodial portion of his sentence and a rational basis upon which the Respondent may premise its treatment of Petitioner. It follows that this claim must fail.

### III. Conclusion

For all of the reasons stated above, Petitioner's Motion to Expand the Record [Record No. 15] shall be denied, his Motion for Leave to Amend Petition for Writ of Habeas Corpus [Record No. 16] shall be denied, his Motion for Further Findings and to Vacate the Court's Judgment shall be granted in part and denied in part, and the Court's Order of Judgment entered on September 28, 2009 [Record No. 19], shall be vacated.

Accordingly, **IT IS ORDERED**:

(1) that Petitioner's Motion to Expand the Record [Record No. 15] shall be, and the same hereby is, **DENIED**;

(2) that Petitioner's Motion for Leave to Amend Petition for Writ of Habeas Corpus [Record No. 16] shall be, and the same hereby is, **DENIED**;

(3) that Petitioner's Motion for Further Findings and to Vacate the Court's Judgment [Record No. 17] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**;

(4) that the Order of Judgment entered on September 28, 2009 [Record No. 19] shall be, and the same hereby is, **VACATED**; and

(5) that Petitioner shall have until **November 6, 2009**, to

**SHOW CAUSE** why his Equal Protection claim under the 14th Amendment to the United States Constitution should not be dismissed for the reasons set forth above. Respondent shall have until **November 20, 2009** to respond to Petitioner's submission at which time the Clerk shall submit this matter to the Court for further action.

This the 20th day of October, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge