UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

ROBERT J. DUNSON, )
 )
    Petitioner, ) Civil Action No. 5:09-56-JMH
 )
v. )
 )
JOHN MOTLEY, Warden. ) **MEMORANDUM OPINION AND ORDER**
 )
    Respondent. )
 )

          \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Robert E. Wier [Record No. 39]. This Court denied Petitioner's request for habeas relief based on his ex post facto and due process claims, but allowed Petitioner to amend his equal protection claim. The equal protection claim, the Petitioner's only remaining claim, was then referred to Magistrate Judge Wier for a recommended disposition. This matter is now ripe for the Court's consideration.

The Magistrate Judge filed his Report and Recommendation on September 16, 2011, advising Petitioner Dunson that specific objections to same were due within fourteen days of the date of service of the Report and Recommendation or further appeal would be waived. Fourteen days have now expired, and Petitioner Dunson has not filed objections.

Generally, "a judge of the court shall make a de novo

1

determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case sub judice, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, this Court may adopt the Magistrate Judge's recommendation without additional review.

While not required, however, this Court has reviewed the Report and Recommendation and agrees with the Magistrate Judge's recommendation to deny Petitioner relief. Petitioner argues that Kentucky applies the statute regulating the accrual and award of sentencing credit for Kentucky inmates, KRS § 197.045, more favorably to white inmates than black inmates who are similarly situated. In 1998 the statute was modified to require certain sex offenders to complete the sex offender treatment program ("SOTP") before receiving sentencing credit. Petitioner was convicted *after* the change in the statute for a crime that he committed *before* the change to the statute. He argues that similarly situated white inmates are allowed to receive credit without completing SOTP, while black inmates are not. Thus, Petitioner argues that Kentucky's unequal application of the statute violates the equal protection clause, and because he is required to complete SOTP

prior to receiving credit while other similarly situated inmates are not, then he is in state custody in violation of the United States Constitution.

The Respondent has come forward with convincing evidence that the inmates with whom Petitioner compares himself were not convicted post-1998 change to the statute. Thus, Petitioner and these inmates are not similarly situated because they were convicted at different times. The SOTP provision does not apply to those inmates convicted before the change in the statute. Thus, there is no evidence supporting Petitioner's argument that similarly situated inmates are being treated differently based on race. Instead, they are being treated differently based on when they were convicted. Accordingly, the Magistrate Judge recommends that this Court deny Petitioner habeas relief because Respondent fails to show a legitimate equal protection claim. This Court agrees and, consequently, it adopts the reasoning set forth in the Report and Recommendation as its own.

Finally, the Court also considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the

underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). As the Magistrate Judge correctly concluded, Petitioner cannot make a substantial showing of the denial of a constitutional right.

Moreover, Petitioner waived his right to further appeal by failing to file timely objections to the recommended disposition of the case. *United States v. Campbell,* 261 F.3d 628, 632 (6th Cir. 2001). Having carefully considered the matter, this Court concludes that no certificate should issue.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [Record No. 39] is **ACCEPTED** and **ADOPTED**;

(2) that Petitioner's request for habeas relief based on denial of Equal Protection under the Fourteenth Amendment is **DENIED**; and

(3) that no certificate of appealability will issue.

This is the 20th day of October, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge